**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OLEG V. MOSKALEV,

　　　　　Petitioner,

v.

JOHN ASHCROFT, Attorney General
of the United States,

　　　　　Respondent.

No.  02-9556
(BIA No. A75-369-772)
(Petition for Review)

---

**ORDER AND JUDGMENT**  *

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and  **BRORBY** , Senior Circuit
Judge.

---

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oleg V. Moskalev petitions this court for review of a final order of the Board of Immigration Appeals (BIA), summarily affirming the removal order entered by an immigration judge (IJ). The IJ denied Moskalev's applications for asylum and withholding of deportation, but granted voluntary departure. Moskalev contends that the IJ and BIA erred and that he is entitled to asylum and to withholding of deportation.

This case hinges largely on the IJ's evaluation of the credibility of witnesses and the authenticity of documents. The IJ held a hearing at which Moskalev, his wife Olga and adoptive son Nikita all testified. They presented a litany of atrocities they claimed that they and members of their families had suffered at the hands of anti-Semites in Russia, including murders, beatings, arrests, thefts, threats, a miscarriage, denial of medical treatment, and an incident of arson at the family home. Moskalev's mother was Jewish, and although he apparently does not practice the Jewish religion, he asserts that the fact of her Jewish nationality is responsible for the severe stigma and persecution that he and his family encountered in Russia.

The IJ, after hearing this evidence, found that the Moskalevs were not credible witnesses. He stated:

> I must say that having decided dozens of cases dealing with Jewish asylum seekers from Russia, I have approved many cases where the alleged persecution was considerably less than that alleged here. But, I have to say that I have never seen a case where there are

-2-

> so many incidents of persecution alleged, so many physical attacks, vandalism of property, attacks of family members and yet the respondent's claim to being Jewish is that it's on his birth certificate and that his mother was Jewish. I agree with the asylum officer that many of these attacks that were supposedly made on the street by unknown people, I find it extremely difficult to believe that anyone would know the respondent was Jewish as he claims to be, simply from seeing him on the street. There is nothing in the file to indicate that that would be the case.

Admin. R. at 45.

The IJ went on to analyze two of the incidents for which documentation had been provided. The first incident involved an attack on Nikita by a man who made him remove his clothes and allegedly threatened to kill him because he was Jewish. The IJ noted, however, that the official trial report said nothing about the anti-Semitic nature of the incident and instead stated that the individual was a drug addict and apparently a pervert who tried to rob Nikita and other children and was sentenced to nine years in jail for this crime.

The second documented incident involved drunken neighbors who came to the Moskalevs' apartment and threatened Olga and Nikita Moskalev. The IJ noted that the report given to the police said nothing about the Moskalevs' Jewish identity or that the neighbors were going to kill Olga Moskalev because she was married to a Jew.

The IJ also noted the asylum officer's finding that Moskalev did not present a valid, certified Russian birth certificate reflecting his Jewish identity. The

document which was submitted was not a certified document, and the IJ noted that Moskalev gave no reason for failing to comply. Moskalev's military passport identifies him as a Russian. The IJ emphasized the asylum officer's conclusion that "it was incredible the respondent would be harmed the many times he was when from his appearance and official documents, no one would have any idea that he was Jewish." *Id.* at 44. The IJ concluded that the Moskalevs had "aggrandized their case," that the case was "contrived" and that he did not believe the Moskalevs' testimony. *Id.* at 46.

1. **Asylum claim**

In order to receive asylum, an alien must first establish that he or she is a "refugee." 8 U.S.C. § 1158(a)(1); *Kapcia v. INS*, 944 F.2d 702, 706 (10th Cir. 1991). "Refugee" is defined as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Moskalev contends that he has established both past persecution and a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b) (stating applicant may establish refugee status by showing either past persecution or well-founded fear of future persecution).

-4-

Moskalev was required to present "specific, credible evidence to support his claim that he has been persecuted or will be persecuted if deported." *Rezai v. INS*, 62 F.3d 1286, 1289 (10th Cir. 1995). We review the BIA's determination of whether he met this burden for substantial evidence, reversing only if the evidence was such that a reasonable fact finder would be compelled to conclude that the requisite fear of persecution existed. *Woldemeskel v. INS*, 257 F.3d 1185, 1189 (10th Cir. 2001). Concomitant with this deferential standard of review, "we will not question the immigration judge's or BIA's credibility determinations so long as they are substantially reasonable." *Id.* at 1192.

The IJ concluded that the Moskalevs distorted the record by attributing anti-Semitic motives to incidents which did not have racial or ethnic overtones, and even possibly by inventing some of the incidents to which they testified. The IJ was concerned that many of the alleged instances occurred in circumstances where it was extremely unlikely that the assailants would have any knowledge of the Moskalevs' Jewish background.

Having reviewed the record in accordance with the prescribed standard of review, we cannot say that the IJ's credibility findings were substantially unreasonable. Moskalev cites a number of cases to indicate that asylum is appropriate in situations similar to his. These cases do not provide support for his application, however, since they do not involve the kind of witness credibility

issues at stake here. *See Avetova-Elisseva v. INS*, 213 F.3d 1192 (9th Cir. 2000); *Galina v. INS*, 213 F.3d 955, 959 (7th Cir. 2000); *Duarte de Guinac v. INS*, 179 F.3d 1156, 1160 n.4 (9th Cir. 1999). Moskalev has failed to establish by credible evidence his claims of past persecution and future persecution based on his Jewish identity.

2. **Withholding of deportation**

"The burden of proof for withholding of deportation is . . . significantly higher than that for asylum." *Woldemeskel*, 257 F.3d at 1193. To be entitled to withholding of deportation, an applicant must show "a clear probability of persecution through presentation of evidence establishing that it is more likely than not that [the applicant] would be subject to persecution on one of the specified grounds." *Id.* (quotation omitted). Since Moskalev has failed to establish his entitlement to asylum, he clearly did not carry his higher burden of proof to establish his entitlement to withholding of deportation.

The petition for review is DENIED. The BIA's decision to deny asylum and withholding of deportation is AFFIRMED. The stay of removal previously entered by a panel of this court is dissolved.

Entered for the Court


John C. Porfilio
Circuit Judge

-6-